# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY SESSION, 1997

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,           )
                              )
            Appellee          )
                              )
vs.                           )
                              )
HEATHER R. DOWDY,             )
                              )
            Appellant         )

No. 02C01-9610-CR-00348

SHELBY COUNTY

Hon. BERNIE WEINMAN, Judge

(Aggravated Burglary;
Theft of property worth less
than five hundred dollars)

For the Appellant:

**R. PORTER FEILD**
Burch, Porter & Johnson
130 North Court Avenue
Memphis, TN 38103

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**P. T. HOOVER**
Asst. District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

OPINION FILED: _____

REMANDED

**David G. Hayes**
Judge

**OPINION**

The appellant, Heather R. Dowdy, pled guilty in the Shelby County Criminal Court to one count of aggravated burglary, a class C felony, and two counts of theft of property valued less than five hundred dollars, class A misdemeanors. Pursuant to the plea agreement, the trial court imposed concurrent sentences of three years incarceration in the county workhouse for the burglary conviction and eleven months and twenty-nine days incarceration in the county workhouse for each of the theft convictions. Following a sentencing hearing, the trial court suspended the sentences, except for one hundred and eighty days to be served on weekends. Additionally, the trial court imposed six years of intensive probation. The conditions of probation included restitution in the amount of $7,200.00, to be paid in monthly installments of $100.00, one hundred hours of community service, and a 9:00 p.m. curfew.

On April 26, 1996, the appellant filed a motion pursuant to Tenn. R. Crim. P. 35(b) for reduction of her sentence. On May 10, 1996, the trial court denied the appellant's motion. The appellant now appeals the trial court's denial of her motion and also appeals pursuant to Tenn. Code Ann. § 40-35-401 (1990). Specifically, the appellant challenges the amount and terms of restitution and, consequently, the length of her probationary period; the imposition of a 9:00 p.m. curfew; and the requirement of drug testing and counseling.

## I. Factual Background

On March 29, 1996, the trial court conducted a hearing in order to determine the manner of service of the appellant's sentences. The appellant testified that she was employed by a company called "We Rep You Advertising Agency." She worked four days each week and was paid $5.00 per hour. She further testified that she had only completed the ninth grade in school but had

obtained a GED. The appellant resides with her current boyfriend, who owns a small business.

The appellant's criminal record consists of a 1992 conviction for disorderly conduct and public intoxication, a 1991 conviction for DUI, and a 1991 conviction for a traffic offense. She was placed on probation pursuant to the DUI conviction. Her probation was revoked following her conviction for disorderly conduct and public intoxication. Additionally, the appellant admitted to the pre-sentence investigator that she had previously experimented with marijuana and cocaine.[1] At the hearing, the appellant reaffirmed her guilt of the instant offenses and asserted that she accepted responsibility for her crimes. She recounted that her co-defendant, Scott Marino, had been her boyfriend at the time of these offenses. She explained that she and Marino decided to commit the burglaries or thefts because they were unemployed and needed money. The appellant testified that Marino had previously been convicted of burglary and was convicted of burglary in this case.[2] Finally, she further asserted that her boyfriend was abusive and was the principle actor in the commission of these crimes.

The appellant testified at the hearing that she could probably pay $100.00 per month toward restitution to the victims. The victim impact statements included in the record indicate that, with respect to the misdemeanor theft convictions, the appellant stole jewelry and silver flatware worth approximately $7,606.00 from her aunt, Jane Graham. Douglass Curry, the appellant's step-father and the victim of the second theft, indicated that he did not want restitution from the appellant and declined to state the value of any property stolen from

---

[1]The appellant also indicated that she drank heavily for approximately one year at the age of nineteen. She asserted that she no longer abused alcohol or drugs.

[2]The pre-sentence report indicates that the appellant's co-defendant was sentenced to six years incarceration, presumably in the Department of Correction. The appellant testified that Marino is currently serving his sentence.

him by the appellant. With respect to the felony burglary conviction, the victim Patti Ramsey reported that the appellant stole property worth approximately $3,465.37.

## II. Analysis

Pursuant to Tenn. Code Ann. § 40-35-401(d) (1990), review by this court of the manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct.[3] This presumption only applies, however, if the record demonstrates that the trial court properly considered sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In any event, the appellant bears the burden of establishing that the sentences imposed by the trial court are erroneous. State v. Lee, No. 03C01-9308-CR-00275 (Tenn. Crim. App. at Knoxville, April 4, 1995).

> At the conclusion of the sentencing hearing, the trial court stated:
>
> I'm going to place you on six years probation; restitution at a hundred dollars a month. As part of that probation you are to serve 180 days at the Shelby County Correctional Center starting at 7:00 p.m. on Friday until 7:00 p.m. Sunday, every weekend -- so you can continue to work and make this restitution. In addition, do a hundred hours of community service. That's intensive probation and that's a 9:00 p.m. curfew.

The appellant challenges the conditions of her probation, i.e. the terms and amount of restitution, the imposition of a curfew, and mandatory drug testing.

---

[3]Again, the appellant also challenges the trial court's denial of her motion pursuant to Tenn. R. Crim. P. 35(b) for reduction of her sentence. In contrast to the standard of review applicable to sentencing appeals perfected pursuant to Tenn. Code Ann. § 40-35-401(d), appellate review of Rule 35(b) rulings is governed by the "abuse of discretion" standard. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993); State v. Burden, No. 02C01-9509-CC-00267 (Tenn. Crim. App. at Jackson, February 5, 1997). Clearly, therefore, a determination of the appellant's Tenn. Code Ann. § 40-35-401(d) appeal will also resolve her Rule 35(b) appeal.

## A. Imposition of Special Conditions

First, we review the appellant's claim that the trial court's imposition of a 9:00 p.m. curfew is improper. The appellant contends that the curfew is "unduly" restrictive of her liberty. Tenn. Code Ann. §40-35-303(d)(9). Specifically, the appellant contends that, as a result of the curfew, she is unable to accept full-time employment at a convenience store at night. However, the Probation Order clearly authorizes the appellant's probation officer "to give permission for night employment if necessary." In light of the probation officer's authority, we do not find that the conditions of the appellant's probation are unduly burdensome. Moreover, should the appellant encounter insurmountable obstacles in complying with the conditions of her probation, Tenn. Code Ann. §40-35-308 (1990) permits the appellant or her probation officer to apply to the trial court for the modification or removal of any condition.

With respect to the appellant's challenge to conditions of her probation relating to drug testing and counseling, the record before this court does not reflect that any such conditions were imposed by the trial court. Therefore, we are unable to consider this issue. See Tenn. R. App. P. 24(b) (it is the appellant's obligation to have prepared an adequate record in order to allow meaningful review on appeal).

## B. Restitution

The appellant challenges the trial court's imposition of restitution in the amount of $7,200.00, to be paid in monthly installments of $100.00. She argues that the trial court, in imposing restitution, did not adequately account for her ability to pay or her co-defendant's participation in the crimes. Moreover, she

5

contends that, because the trial court did not consider these factors in imposing restitution, it could not impose a probationary period of six years in order to accommodate the payment schedule.

Tenn. Code Ann. § 40-35-304(a) (1996 Supp.) authorizes the sentencing court to impose restitution as a condition of probation. Tenn. Code Ann. §40-35-304(c) provides that a court must establish a restitution payment schedule that does not extend beyond the maximum term of probation supervision that could have been imposed for the offense. A court may place a defendant on supervised probation for a period of time up to and including the statutory maximum time for the class of conviction offense. Tenn. Code Ann. §40-35-303(c). Thus, the trial court was authorized to impose a probationary period of six years for the offense of aggravated burglary and extend the appellant's restitution payments for this crime over that time. See 40-35-111(b)(3) (1990).

With respect to the appellant's contention that the order of restitution fails to account for her co-defendant's proportionate liability, we disagree. In essence, the appellant asks that we adopt some form of comparative fault for the purpose of determining restitution in criminal cases. This we decline to do. While this court has tacitly acknowledged the trial court's authority to impose joint and several liability for restitution upon co-defendants, see, e.g., State v. Roberts, No. 01C01-9410-CC-00332 (Tenn. Crim. App. at Nashville, March 10, 1995), and State v. Akins, No. 134 (Tenn. Crim. App. at Knoxville, June 28, 1991), the 1989 Sentencing Act does not require the division of restitution responsibility. In any case, we recognize that the policy expressed by the legislature in the 1989 Sentencing Act is that the punishment imposed should fit the crime and the offender. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1996). See also Johnson, No. 03C01-9606-CC-00214(restitution is not only a means of compensating the victim, but

6

also a form of punishment). In the context of this policy, the appellant acknowledged at the sentencing hearing that she was a full participant in the burglary. Moreover, the record does not reflect that the co-defendant, Marino, was convicted for the incidents resulting in the appellant's theft convictions.

Next, the appellant argues that the trial court failed to consider her ability to pay in awarding restitution. The record reflects that the appellant is a single person who lives with her boyfriend and currently earns $5.00 per hour. The appellant testified at the hearing that she could make scheduled restitution payments of "probably about a hundred dollars a month." Based on these facts, the trial court ordered restitution payments of $100.00 per month. The appellant offered no other proof at the hearing relating to her ability to pay. We find this issue without merit.

In performing our review of the issues in this case, we are constrained to note that the trial court, in ordering restitution, combined the pecuniary losses of both victims into one payment and ordered that this amount be repaid over the seventy-two month period of supervision for the aggravated burglary conviction. This, in effect, permitted the restitution for the misdemeanor conviction to be repaid over a six year period.[4] The plain language of our statute requires that restitution as a condition of probation be related to the offense that warrants the probation. See Tenn. Code Ann. § 40-35-304(a). In other words, the trial court cannot order a restitution payment schedule extending beyond the statutory maximum term for the offense occasioning the restitution, or attach the restitution schedule to an unrelated offense. Moreover, the proof in the record pertaining to the losses of the two victims conflicts with that amount set by the

---

[4] The appellant's plea bargain agreement permitted her to plead to misdemeanor theft which involved a loss from the victim, Jane Graham, of $7607.00. As previously noted, the second misdemeanor theft involved the victim's stepfather and no restitution was sought. The burglary conviction involved the victim, Patti Ramsey, and restitution of $3590.37.

trial court[5] and there is no apportionment of the restitution between the two victims. Accordingly, we find it necessary to remand this case for a determination of the amount of restitution applicable to each offense, the imposition of payment schedules in accordance with this opinion, and a determination of the appropriate probation period.[6] [7]

Notwithstanding our decision to remand, we also note that the victim impact statements, included in the record, reflect that the property stolen from Ms. Graham and Ms. Ramsey was insured and that their respective insurance companies have paid these claims. Whether or not an insurance company is a "victim" contemplated by the legislature in providing for repayment of restitution to "victims", see Tenn. Code Ann. § 40-35-304, is currently pending before our supreme court. Thus, although this court has held an insurance company to be a victim for purposes of restitution, this issue may be moot dependant upon the decision of our supreme court. See State v. Alford, No. 02C01-9509-CC-00281 (Tenn. Crim. App. at Jackson, Sept. 30, 1996), perm. to appeal granted, (Tenn. Apr. 14, 1997).

For the foregoing reasons, this case is remanded consistent with this opinion.

---

[5]The victim impact statements revealed that Jane Graham sustained a loss of $7,606.00, while Patti Ramsey suffered losses amounting to $3590.37, a total of $11,196.37. Apparently, the trial court accepted the State's argument in determining the amount of restitution. The State argued that Graham sustained a loss of $3700 and Ramsey, a loss of $3590.37, totaling $7290.37.

[6]The trial court may conclude that a probationary period of six years for the aggravated burglary offense is still appropriate. However, it must base its determination on factors other than the payment schedule for restitution to victims of another offense.

[7]We would note that many of the problems presented in this case could be eliminated by carefully constructed plea agreements.

8

_____
DAVID G. HAYES, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
THOMAS T. WOODALL, Judge